UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan Currier,

    Plaintiff,

v.                                            Case No. 14-12179

PDL Recovery Group, LLC, *et al.*,        Sean F. Cox
                                                         United States District Court Judge

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Plaintiff Ryan Currier ("Plaintiff") filed this action on June 3, 2014, asserting claims against multiple defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq*., Michigan's Occupational Code, Mich. Comp. Laws §339.901 *et seq*., and Michigan's Collection Practices Act, Mich. Comp. Laws § 445.251 *et seq*.

On September 22, 2014, Plaintiff requested a Clerk's Entry of Default as to Defendants Jamie Belstadt and Mara Pfalzer. Clerk's Entries of Default were issued as to Defendants Belstadt and Pfalzer on September 23, 2014. On October 18, 2014, Plaintiff requested a Clerk's Entry of Default as to Defendant PDL Recovery Group, LLC, which was issued on October 20, 2014.

On October 29, 2014, Defense Counsel Charity Olson entered an appearance on behalf of Defendants Belstadt, Pfalzer, and PDL Recovery Group, LLC. Ms. Olson then filed the instant Motion asking this Court to set aside the Clerk's Entries of Default as to Defendants Belstadt,

1

Pfalzer, and PDL Recovery Group, LLC.  Plaintiff opposes the motion.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default."  When evaluating either a motion to set aside an entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1989).

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default.  However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir.1986).  In practice, Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment. *Id.*  Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co.*, 705 F.2d at 846.

In response to Defendants' motion, Plaintiff asserts that relief should be denied: 1) due to alleged culpable conduct by attorney Michael Benson, who never appeared in this action; 2)

because Plaintiff would be prejudiced if the Clerk's Entries of Default were set aside; and 3) because Defendants have not submitted evidence in support of their claimed defenses. The Court disagrees.

First, the Court finds that there has been no culpable conduct on the part of Defendants. Rather, the Court finds that Defendants have offered a credible explanation for the delay. (*See* Belstadt and Pfalzer Declarations, Docket Entry Nos. 28-2 and 28-3). Moreover, because a default "deprives the client of his day in court," it "should not be used as a vehicle for disciplining attorneys." *Shepard Claims Svc., Inc.*, 796 F.2d at 195. Thus, the Court finds that Mr. Benson's alleged conduct is not an appropriate basis to deny Defendants relief.

The Court also finds that Plaintiff has not established that he will suffer prejudice if the Clerk's Entries of Default are set aside. In order to establish prejudice, Plaintiff must point to something more than delay. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir.1996). Every default that is set aside necessarily results in some delay in the proceedings. In order to constitute prejudice for purposes of declining to set aside a default, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collision." *Id*. at 433-34. Here, Plaintiff claims that he will be prejudiced in that his cellular telephone provider only retains its records for a period of one year. (Pl.'s Br. at 13-14). But Plaintiff acknowledges that Defendants' answers were not due until August and October of 2014. As such, the Court fails to see how the minor delays at issue here could be seen as impeding Plaintiff's ability to obtain copies of *his own cellular phone records*, which Plaintiff had presumably already been provided with, or could obtain, outside of this litigation.

3

Finally, the Court concludes that Defendants have advanced potentially meritorious defenses to Plaintiff's claims. In order to establish a meritorious defense for purposes of setting aside a default the defendant "must simply advance a defense 'good at law,' not necessarily one that will likely succeed." *United Coin Meter Co.*, 705 F.2d at 845. The key to the meritorious defense inquiry is the determination of "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.*" INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir.1987). That standard has been met here.

Accordingly, IT IS ORDERED that Defendants' Motion is GRANTED and the Court ORDERS that the Clerk's Entries of Default as to Defendants Belstadt, Pfalzer, and PDL Recovery Group, LLC are hereby SET ASIDE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 6, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 6, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager