UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RYAN CURRIER,
    Plaintiff,

vs-

    Case No. 2:14-CV-12179
    Hon. Sean F. Cox
    Magistrate Judge: Paul J. Komives

PDL RECOVERY GROUP, LLC, *et al.*,
    Defendants.

## PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS WITH DOCUMENTS

For the reasons set forth in the accompanying brief in support, Plaintiff Ryan Currier requests that this Honorable Court compel the depositions of Defendants Jamie Belstadt and Mara Pfalzer together with documents requested in the Schedule which accompanied the deposition notice.

### *Certification of Counsel*

I certify that I have attempted to obtain the requested relief, as fully set forth in the accompanying brief in support, without Court action in good faith by conferring or attempting to confer with the attorney for the Respondents to this motion, and the requested relief has not been provided.

        Respectfully Submitted,

        <u>By:  s/ Ian B. Lyngklip</u>
        Ian B. Lyngklip (P47173)
        LYNGKLIP & ASSOCIATES
        CONSUMER LAW CENTER, PLC
        Attorney For Ryan Currier
        24500 Northwestern Highway, Ste. 206
        Southfield, MI 48075
        PH: (248) 208-8864
        Amanda@MichiganConsumerLaw.Com

Dated: May 28, 2015

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RYAN CURRIER,
    Plaintiff,

vs-

            Case No. 2:14-CV-12179
            Hon. Sean F. Cox
            Magistrate Judge: Paul J. Komives

PDL RECOVERY GROUP, LLC, *et al.*,
    Defendants.

### BRIEF IN SUPPORT OF
### PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS
### JAMIE BELSTADT AND MARA PFALZER

### Issues Presented by Motion

The narrow issues presented by this motion are whether Defendants are required to provide testimony at a deposition and present documents, or tender proper written objections, after being served with a proper notice pursuant to F.R.Civ.P. Rule 30(b)(1).

### Principal Authorities Relied Upon

F.R.Civ.P. Rule 26(b)(1)

F.R.Civ.P. Rule 32(d)(1)

F.R.Civ.P. Rule 34(b)

F.R.Civ.P. Rule 37(d)(1)(A)(I)

## Relief Sought

Mr. Currier seeks an order compelling Mr. Belstadt to produce documents at deposition for use in this case against himself and Ms. Pfalzer.

## Facts

Mr. Currier brings this case for collection abuse and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. At core, Mr. Currier alleges that Defendants made numerous calls to him, and persisted in calling him after he demanded that Defendants stop calling. He further claims that Defendant initiated third party contacts with his employer and used an autodialer to call him after he had revoked consent. He claims that Defendant violated the law willfully, entitling him to enhanced statutory damages under each of the statutes at issue.

## What Is At Issue in This Case

While this case arises out of collection abuse and harassment, the major issues in this case surround the identity of the individuals responsible for the collection abuse against Mr. Currier and the companies involved. Additionally, because Mr. Currier seeks statutory damages, he must establish a degree of *scienter* or willfulness in order to prevail.

As set forth in the amended complaint (R.3), Mr. Currier alleges that Defendants used a series of fictitious names and associated entities to engage in collection activity against Mr. Currier. (R.3 at ¶28 - 46). Additionally, these

allegations set for the manner in which Defendants sought to conceal their identity in order to immunize themselves from suit.

Since filing the complaint, Defendants have informed counsel that at least one of the individual named in the complaint – R.Cobb – does not exist at all. As such, one of the core issues in this case is the identity of other potential defendants and witnesses as well.

### **What is a Issue In this Motion**

After several months of attempting to secure the depositions of Mr. Belstadt and Ms. Pfalzer, Mr. Currier served a Re-notice of Deposition upon Mr. Belstadt. (Exhibit 1, Re-Notice of Deposition of Jamie Belstadt.) That Deposition notice sought the appearance of Defendants along with documents including

- ✓ Tax returns (Item 19)
- ✓ Policies and procedures (Items 12 and 13)
- ✓ Corporate documents (Items 16, 17, and 18)

Counsel for Mr. Currier expected that these documents would help identify not only the entities through which PDL operated as a front, but also the individuals who may be involved with PDL, including Ms. Pfalzer who claims to have no relationship with the company.

The policies procedures and practices at issue would assist in determining whether the Defendants had taken any steps to avoid violations of the statutes ant

issue. And, if those policies exist, the failure of those policies to provide for a reasonable compliance program would tend to establish willfulness.

After several email exchanges, Defendants refused to produce these documents, and claimed that they would bring motion for a protective order. Since then, Mr. Currier has received no written objections to the production and no motion for a protective order. Mr. Currier brings this motion to compel these documents.

## Law and Argument

### I. Mr. Currier may obtain discovery concerning key issues surrounding witness identify and willfulness.

Under the Federal rules, Mr. Currier may take the deposition of any witness, party or otherwise, at any time after the parties have conducted the discovery conference. Fed R.Civ.P. 30. Under this rule, a party desiring to take the deposition of another party has to give proper notice and is entitled to the testimony sought from the Defendant. Further, pursuant to Rule 32, "an objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice." F.R.Civ.P. Rule 32(d)(1).

Along with their appearance at a deposition, a party may also request that a deponent appear with documents under Rule 34. And if the party does not respond, the requesting party may move for an order to compel. Fed.R.Civ.P. 37(a)(2)(B). Under these rules, there is no excuse for a party's failure to respond to a request for

discovery. The response must be made within 30 days or the court may enter an order compelling discovery under FRCP 37(a).

In this case, Defendants have refused to appear at with the requested documents which would help identify defendants and substantiate the allegation of a scheme to hide the true identity of the collection companies and individuals in this case. Additionally, the policies procedures and practices of PDL lie at the core of his case and bear on whether the Defendants acted willfully in violation of the TCPA (47 U.S.C. § 227(b)) and the amount of any necessary penalty under the FDCPA (15 U.S.C. § 1692k), and whether any enhanced damages are available under for willful violation of Michigan law (M.C.L. § 445.251 et seq or M.C.L. § 339.901 et seq.)

The documents in this case are relevant to the identity of witnesses and willfulness and the court should compel the Defendants to appear at their deposition with document.

**Conclusion**

For the reasons set forth above, Mr. Currier requests that this Honorable Court enter an order compelling Defendants to appear at their depositions with the requested documents and provide for such other relief as this Court deems just.

                Respectfully Submitted,

                By:  s/ Ian B. Lyngklip
                Ian B. Lyngklip (P47173)
                LYNGKLIP & ASSOCIATES
                CONSUMER LAW CENTER, PLC
                Attorney For Ryan Currier
                24500 Northwestern Highway, Ste. 206
                Southfield, MI 48075
                (248) 208-8864
                Amanda@MichiganConsumerLaw.Com

Dated: May 28, 2015

## Certificate of Service

I hereby certify that on May 6, 2015, I served this document on the following parties:

| **Party** | **Manner Served** |
|---|---|
| Charity Olson<br>Olson Law Group<br>2723 S. State Street<br>Ann Arbor, MI  48104 | Electronically via the CM/ECF System |

                                          Respectfully Submitted,

                                          By:  s/ Ian B. Lyngklip
                                          Ian B. Lyngklip (P47173)
                                          LYNGKLIP & ASSOCIATES
                                          CONSUMER LAW CENTER, PLC
                                          Attorney For Ryan Currier
                                          24500 Northwestern Highway, Ste. 206
                                          Southfield, MI 48075
                                          (248) 208-8864
                                          Amanda@MichiganConsumerLaw.Com

Dated: May 6, 2015