UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan Currier

    Plaintiff,

v.

    Case No. 14-12179
    Hon. Sean F. Cox

PDL Recovery Group, LLC, et. al.,

    Defendants.

_____/

# OPINION & ORDER
# DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiff Ryan Currier ("Plaintiff") brought this action pursuant to the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Michigan Occupational Code ("MOC"), and the Michigan Collection Practices Act ("MCPA"). On February 23, 2017, this Court entered an Opinion and Order granting in part and denying in part Plaintiff's partial motion for summary judgment. (Doc. # 170, O&O).

The matter is currently before Defendants PDL Recovery Group and Jamie Belstadt's Motion for Reconsideration, brought pursuant to Federal Rule of Civil Procedure 54(b). (Doc. # 171, Def.s' Br.). Defendants take issue with the Court's decision to hold Defendant Belstadt personally liable under the FDCPA and MOC and the Court's decision to consider one of the exhibits attached to Plaintiff's motion for summary judgment. Plaintiff has responded to Defendants' motion. (Doc. # 175). Having reviewed the substance of Defendants' motion, this Court shall **DENY** the Motion for Reconsideration.

1

**STANDARD**

Federal Rule of Civil Procedure 54(b) states:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims ... shall not terminate the action ... and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The Sixth Circuit has held that "[t]raditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004).

**ANALYSIS**

**Argument # 1.** First, Defendants argue that the Court erred in concluding that Defendant Belstadt could be held personally liable under the FDCPA on the basis of his general participation in the debt collection activities of PDL. In reaching this conclusion, the Court relied on the Sixth Circuit's decision in *Kistner v. Law Offices of Michael P. Margelefsky*, 518 F.3d 433 (6th Cir. 2008), for the proposition that a member of an LLC can be held personally liable under the FDCPA so long as the employee individually qualifies as a debt collector.

Here, Defendants do not dispute that an LLC member may be personally liable if he qualifies as a debt collector. However, Defendants argue that the "correct interpretation of *Kistner* should be that personal liability can only be imposed, without piercing the corporate veil, when an employee, shareholder, officer, or director violates the Act as a 'debt collector.'" (Def.s' Br. at 3). Defendants then rely on several decisions, *from outside of the Sixth Circuit*, for the proposition that "personal involvement is a prerequisite to a finding of individual liability." (*Id*. at 5). Defendants then summarily conclude that because Belstadt did not materially

participate in the alleged violations, he cannot be held liable.

Defendants' argument, however, has been specifically rejected by the Sixth Circuit in *Kistner*:

> In other words, contrary to [defendant's] argument that he cannot be personally liable because he did not participate in sending the specific letter to [plaintiff], **he may be personally liable on the basis of his participation in the debt collection activities of the LLC more <u>generally</u>.**

*Kistner*, 518 F.3d at 437 (emphasis added).

Defendants are also wrong when they assert that the "Court's opinion relies on no evidence to suggest that Belstadt formulated and implemented a business practice that resulted in an FDCPA violation." (Def.s' Br. at 4). Defendants conveniently ignore the portion of the Opinion & Order where the Court relies on Belstadt's own testimony in reaching its conclusion:

> Here, the undisputed facts establish that Belstadt "regularly collect[ed] or attempt[ed] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." First, the Court notes that the collection activities at issue in this case were PDL's primary source of income. Notably, as PDL's highest ranking official, Belstadt developed and implemented policies and procedures for a company whose primary profit-generating activity was the collection of debts. This is a significant distinction between this case and other cases, such as *Kistner*, where the defendants were members of companies that did not solely engage in debt collection.
>
> Moreover, the fact that Belstadt did not personally collect debts is irrelevant where, as here, the FDCPA explicitly includes in its definition of debt collector those individuals who *indirectly* participate in debt collection activities. 15 U.S.C. § 1692a(6). Here, in addition to establishing policies that PDL employees were required to follow, Belstadt's day-to-day activities included checking in with, and answering the questions of, employees (floor managers and administrators) who were directly involved in PDL's debt collection efforts. Belstadt also testified that he and the floor managers answered questions from debt collectors regarding compliance with the FDCPA. (Ex. 4 to Pl.'s Br. at 35). If there were any changes or updates in the law, Belstadt would share that information with PDL employees if he "felt that it was something that should be shared." (*Id*. at 37-38). Belstadt also served as one of two primary points of contact for PDL's auto-dialing service, Global Connect.

(O&O at 27-28).

Defendants have therefore failed to establish that reconsideration of this issue is warranted because there is no "need to correct a clear error or prevent manifest injustice."

**Argument # 2.** Next, Defendants argue that the Court erred in considering an exhibit (a call detail report) attached to Plaintiff's summary judgment motion because Plaintiff did not attach the "original full deposition transcript with marked exhibits." (Def.s' Br. at 9). Defendants argue that the call detail report was therefore unauthenticated.

Defendants' argument is without merit and disregards the reasoning in the Court's Opinion & Order. The Court specifically determined that the call detail report was sufficiently authenticated and discussed during the deposition of Global Connect representative, Darrin R. Bird. Plaintiff's failure to attach an exhibit list to the deposition transcript has no bearing on the authenticity of the exhibit itself. Defendants have not cited a single case, which would support the proposition that an exhibit–authenticated through the deposition testimony of a person with personal knowledge–is insufficient for purposes of summary judgment if it is not accompanied by the full deposition transcript. Defendants also disregard this Court's Practice Guidelines, which permit parties to provide only the relevant portions of a transcript, rather than submitting complete copies. As such, Defendants have failed to establish a "need to correct a clear error or prevent manifest injustice."

**Argument # 3.** In their final argument, Defendants contend that Defendant Belstadt should not be found individually liable under the MOC for the same reasons that he should not be liable under the FDCPA. This argument is without merit for the reasons discussed above.

## CONCLUSION & ORDER

4

For the foregoing reasons, **IT IS ORDERED** that Defendants' Rule 54(b) Motion for Reconsideration (Doc. # 171) is **DENIED**.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 1, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager