UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan Currier,

    Plaintiff,

v.      Case No. 14-12179

PDL Recovery Group, LLC, *et al.*,     Sean F. Cox
United States District Court Judge

    Defendants.

_____/

## ORDER GRANTING
## PLAINTIFF'S MOTION FOR AWARD OF NON-TAXABLE COSTS

On July 10, 2017, Plaintiff Ryan Currier ("Plaintiff") filed a Bill of Costs with the Clerk of the Court. (Doc. # 184). The Clerk subsequently issued a Taxed Bill of Cost in the amount of $8,824.85 in Plaintiff's favor. (Doc. # 188).

Currently before the Court is Plaintiff Ryan Currier's Motion for Award of Non-Taxable Costs, brought pursuant to 15 U.S.C. § 1692k. (Doc. # 185). The FDCPA allows for costs together with reasonable attorney fees. At issue here are costs which would not normally be taxable under the provisions of Rule 54 or 28 U.S.C. § 1920[1] (*i.e.*, costs that would not be appropriate in the Bill of Costs).

Plaintiff requests non-taxable costs in the amount of $6,852.56, "as a component of fees for Plaintiff's counsel." (*Id.* at Pg ID 2273). Plaintiff argues that pursuant to the FDCPA's fee-shifting statute, he is entitled to costs that are not taxable under the federal rules.

Defendants oppose Plaintiff's request for non-taxable costs. (Doc. # 191, at Pg ID 2774-

---

[1] Section 1920 enumerates items that a court may tax as "costs" to a prevailing party under Rule 54(d).

75). Defendants argue that Plaintiff submitted a Bill of Costs and has already been granted "taxable costs" pursuant to 29 U.S.C. § 1920, in the amount of $8,824.85. Defendants conclude that "since Plaintiff has presented all that he is entitled to in his Bill of Costs, Plaintiff's request for non-taxable costs must be denied." (*Id*. at Pg ID 2775). Although not expressly stated, it appears that Defendants are arguing that the FDCPA's fee-shifting statute only allows for taxable costs under § 1920. Defendants fail to develop their position or support their position with any applicable authority, and the Court was unable to locate any Sixth Circuit cases standing for the Defendants' stated proposition.

In *Gradisher v. Check Enforcement Unit, Inc.*, 2003 WL 187416, at *8 (W.D. Mich. Jan. 22, 2003), the district court explained that:

> In determining whether a particular expense may be recovered as part of expenses under a statute authorizing awards of attorney fees and expenses, such as § 1692k(a)(3), courts have generally held that an award may include expenses not defined as 'costs' in the costs statute, 28 U.S.C. § 1920, if they are of a type billed separately to the client, i.e., not absorbed in the attorney's hourly rate as overhead. *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748 763 (2d Cir. 1998) ( "'[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'") (quoting *United States Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)); *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1023 (N.D. Ohio 1997) ("An attorney's fee under § 1988 includes those expenses that are incurred in order for the attorney to render his or her legal services and that would normally be charged to a fee-paying client.")

*Gradisher*, 2003 WL 187416, at *8. The Court finds this reasoning persuasive.

Here, Plaintiff describes the expenses for which he seeks costs and he argues that the costs were reasonably incurred and are ordinarily charged to clients. Plaintiff also supports his requests with documentation (*i.e.*, invoices/receipts). Defendants have not specifically objected to any of the itemized expenses and the Court views these expenses as those which are ordinarily charged to clients.

Accordingly, the Court shall **GRANT** Plaintiff's Motion for Award of Non-Taxable Costs.  Plaintiff is therefore awarded non-taxable costs in the amount of $6,852.56.

**IT IS SO ORDERED.**


Dated:  August 17, 2017                         s/Sean F. Cox
                                                             Sean F. Cox
                                                             U. S. District Judge


I hereby certify that on August 17, 2017, the foregoing document was served on counsel of record via electronic means and upon Mara Pfazler via First Class mail at the address below:

Mara Pfalzer
919 Bennett Road
Angola, NY 14006

                                                                                 s/J. McCoy
                                                                                 Case Manager