UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan Currier,

    Plaintiff,

v.                                             Case No. 14-12179

PDL Recovery Group, LLC, et al.,      Sean F. Cox
                                                        United States District Court Judge

    Defendants.
_____/

## ORDER DENYING DEFENDANT JAIME BELSTADT'S MOTION FOR RELIEF FROM JUDGMENT (Doc. # 325)

In February 2017, the Court issued an opinion and order granting in part and denying in part Plaintiff's partial motion for summary judgment (Doc. # 170). Relevant here, the Court granted the motion as to certain FDCPA claims against Defendant Jaime Belstadt. A few months later, on May 10, 2017, the Court entered a stipulated judgment for $22,500, plus attorney's fees and costs, against Defendant (Doc. # 181).

Now acting *pro se*, Defendant has moved for relief from judgment under Rule 60 (Doc. # 325). The Court notes that the judgment at issue was stipulated to by Defendant while he was represented by counsel. In seeking to undo it, Defendant "faces a steep uphill climb." *Cummings v. Greater Cleveland Regional Transit Authority*, 865 F.3d 844, 846 (6th Cir. 2017).

First, Defendant challenges the merits of the Court's ruling that Defendant was a "debt collector" under the FDCPA in its opinion and order granting partial summary judgment to Plaintiff. But the Court will not reconsider the merits of the same arguments Defendant previously made when deciding a Rule 60(b) motion. *See Kersh v. Macomb St. Clair Emp.*

1

*Training Agency*, 55 F. App'x 723, 725 (6th Cir. 2003). And Defendant has not otherwise shown entitlement to relief under the specific sub-parts of Rule 60(b). Nor has he made the even more demanding showing required by Rule 60(d) as he has not shown that "enforcement of the original judgment would be manifestly unconscionable." *Giasson Aerospace Science, Inc. v. RCO Engineering Inc.*, 872 F.3d 336, 339 (6th Cir. 2017) (quotation marks omitted).

Next, Defendant seeks relief from judgment due to the alleged misconduct of an adverse party. He takes exception to Plaintiff's litigation strategy, contending that Plaintiff sued other parties purely to pursue him and that Plaintiff has "unethically and intentionally extended its discovery" to involve any and all of Defendant's business associates and relatives. These general allegations, however, do not show, by clear and convincing evidence, misconduct by an opposing party that warrants relief from judgment. *See Jordan v. Paccar*, 97 F.3d 1452, 1996 WL 528950 at * 9 (6th Cir. 1996) (per curiam).

Finally, Defendant argues that the judgment is not equitable in relation to all Defendants, which the Court shall construe as an argument for relief under Rule 60(b)(6) ("any other reason that justifies relief"). But the mere possibility that other co-defendants may have been more culpable than Defendant is not an exceptional and extraordinary circumstance that justifies relief. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001).

In sum, Defendant has not shown grounds for relief from judgment under Rule 60. Thus, the Court ORDERS that his Motion for Relief from Judgment is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: August 23, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on

August 23, 2018, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager