UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ryan Currier,

    Plaintiff,

v.                                          Case No. 14-12179

PDL Recovery Group, LLC, et al.,        Sean F. Cox
                                                        United States District Court Judge

    Defendants.
_____/

## OPINION AND ORDER DENYING MOTIONS (Doc. # 322, 336, 339, 344, 345, and 346), QUASHING GARNISHMENT, AND PRECLUDING THE PARTIES FROM FILING ADDITIONAL MOTIONS WITHOUT LEAVE OF COURT TO DO SO

In May 2017, the Court issued a judgment in Plaintiff's favor. Since then, what should be a straightforward post-judgment collection matter has become tortuous. Plaintiff has swamped the Court with motions, seeking the Court's assistance in enabling collection. But, as the Court has unfortunately come to expect, many of these motions present skeletal arguments, leaving it to the Court to put the meat on the bones.

The Court declines to do so. Several of these motions lack merit or are unnecessary, and several are poorly supported by legal authority. All are connected to an attempt to collect on a judgment against a Defendant domiciled in New York by way of real and personal property primarily located in New York. But, under the circumstances, the proper place to pursue these collection remedies would appear to be, naturally, in New York–a course of action available to Plaintiff under federal law. *See* 28 U.S.C. § 1963.

With this in mind, and for the reasons below, the Court shall deny Plaintiff's pending motions (Doc. # 322, 336, 339, 344, 345, and 346), and **shall preclude the parties from filing**

1

**any further motions without leave of court to do so.** The Court will also quash the writ of garnishment directed to Coinbase, Inc.

## BACKGROUND

In May 2017, the Court issued a stipulated judgment for $22,500, plus attorney's fees and costs, in Plaintiff Ryan Currier's favor against Defendant Jamie Belstadt (Doc. # 181). After Plaintiff was unable to collect, the Court ordered (on two different occasions) Defendant to provide certain asset-related discovery and to appear for a debtor-creditor examination (Doc. # 222, 241). Defendant eventually did so in December 2017. This should have been the end of the matter.

Unfortunately, that has not been the case. According to Plaintiff, he has been unable to collect on the judgment. So, he has asked the Court to intervene, flooding the Court with numerous motions relating to the unpaid judgment. On August 23, 2018, the Court held a hearing on two of these motions.

The first of these pertains to one of garnishees in this case, Coinebase, Inc., with which Defendant has an account. This account consists of cryptocurrency–150 Ethereum and 1.2 Bitcoin–along with $19.71. Plaintiff estimates that the cryptocurrencies are worth $116,995.50 and $11,077.84 respectively. He asks the Court to direct Coinbase to liquidate Defendant's accounts and distribute the proceeds to Plaintiff (Doc. # 322). Defendant, acting pro se, has responded and objects to the garnishment (Doc. # 329).

In a second motion, Plaintiff requests a writ of execution against various personal property (including stocks and investments) and real property owned by Defendant (Doc. # 336). All of this property is located outside the State of Michigan.

These motions are just two of many that fill the Court's docket. In the mere two week span since the Court issued a notice of hearing on the two motions, Plaintiff has filed the following documents: a motion to void fraudulent transfers (Doc. # 339), a supplemental brief to a previous motion for order to show cause (Doc. # 342), a supplemental brief to a previous emergency motion for order to show cause (Doc. # 343), a new motion for order to show cause (Doc. # 344), a new motion for attorney fees (Doc. # 345), and a motion for costs (Doc. # 346). The Court will decide all of these motions on the briefs, as oral argument is unnecessary to decide the issues presented. LR 7.1(f)(2).

## ANALYSIS

Federal Rule of Civil Procedure 69 allows a party "to obtain enforcement remedies against an opposing party." *Lewis v. United Joint Venture*, 691 F.3d 835, 839 (6th Cir. 2012). Under this rule, the Court must "accord with the procedure of the state where the court is located" unless a federal statute provides otherwise. Fed. R. Civ. P. 69(a)(1). So, the enforcement remedies Plaintiff requests must accord with Michigan law. Here, two of those requests merit specific discussion: the motions for disbursement of funds and the motion for a writ of execution.

### I. Motion for Disbursement of Funds

Plaintiff's motion for disbursement of funds pertains to the garnishment of Defendant's personal property possessed by Coinbase Inc. *See* M.C.R. 3.101. As a garnishee, Coinbase is generally liable for all tangible and intangible property belonging to a defendant in its possession when the writ is served. M.C.R. 3.101(G)(1)(a). Here, Plaintiff seeks the liquidation and disbursement of those assets. *See* M.C.R. 3.101(J)(7) (requiring a plaintiff to "seek an

3

appropriate order regarding application of the property to satisfaction of the judgment" when the garnishee holds property other than money). But under Michigan law, the Court's ability to order satisfaction of a judgment with a defendant's personal property that is in possession of a third party is limited. The Court may only do so if: (1) "the third person is subject to the judicial jurisdiction of the state" and (2) "the personal property to be applied is within the boundaries of this state." M.C.L. § 600.4011(1)(a). It is this latter requirement that proves problematic for Plaintiff.

Plaintiff seeks the liquidation of intangible personal property–Defendant's cryptocurrency accounts with Coinbase. *See In re Rapoport's Estate*, 26 N.W.2d 777, 781 (Mich. 1947) (observing that bank accounts and stock certificates are intangible personal property); *Macatawa Bank v. Wipperfurth*, 822 N.W.2d 237, 238 (Mich. Ct. App. 2011) ("[A]n IRA is intangible personal property, similar to a bank account."). In Michigan, "the situs of intangible assets is the domicile of the owner unless fixed by some positive law." *Rapoport's Estate*, 26 N.W.2d at 781. It is undisputed that Defendant's domicile is in New York. Thus, his intangible assets, including those possessed by Coinbase, are located there–and thus, not "within the boundaries" of Michigan. *Wipperfurth*, 822 N.W.2d at 238. Plaintiff has cited no "positive law" stating otherwise. *Id*. Thus, even if the Court has jurisdiction over Coinbase, Defendant's account with the company is not "within the scope of personal property that may be garnished by a Michigan court." *Id*. (holding that the Florida defendants' IRAs could not be garnished); *see also CFE Racing Prods., Inc. v. BMF Wheels, Inc.*, 2016 WL 3125211 (E.D. Mich. 2016) (holding that the California defendants' bank accounts could not be garnished). The proper procedure is for Plaintiff to register the judgment in a New York federal court under 28 U.S.C. §

1963 and pursue his collection remedies there. Thus, the Court will deny Plaintiff's motion for disbursement of funds and order that the writ of garnishment directed at Coinbase be quashed.

## II. Motion for a Writ of Execution

Plaintiff also seeks a writ of execution against Defendant's real and personal property. "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). In Michigan, as a judgment creditor, Plaintiff has several options. He may execute against all of Defendant's personal property that is liable to execution at common law. M.C.L. § 600.6017. He may also execute against Defendant's real estate, M.C.L. § 600.6018, but only if execution has first been made against Defendant's personal property and only if that property was insufficient to satisfy the judgment. M.C.L. § 600.6004; *George v. Sandor M. Gelman, P.C.*, 506 N.W.2d 583, 585 (Mich. Ct. App. 1993) ("In Michigan, direct attachment of a debtor's real estate is disfavored.").

To this end, Plaintiff has presented the Court with a laundry list of real and personal property that he wishes the Court to issue a writ of execution against. But none of this property is located within the State of Michigan. And aside from a stock recitation of boilerplate post-judgment collection law, Plaintiff has not presented the Court with any authority addressing its power to issue a writ of execution against property located outside of this jurisdiction that is owned by a party domiciled outside of this jurisdiction. Indeed, it is hard to imagine the logistics of Plaintiff's request. Would Plaintiff ask the Wayne County Sheriff to travel to New York to execute the writ? Or the United States Marshal? Plaintiff does not provide an answer. Once again, the better way forward is for Plaintiff to register the judgment in New York and pursue collection remedies there. So, the Court shall deny the motion for writ of execution.

### III. Remaining Motions

Finally, the Court will address the other filings that have deluged the docket. Plaintiff's attorneys continue to expend an exorbitant amount of time and energy on this case. Yet for all the effort expended, they still have not registered the judgment in New York, even though Defendant is domiciled there and most of the property Plaintiff targets is located there. Plaintiff's counsel's explanation for this idleness was that she needed the Court to first grant Plaintiff's motion for an amended judgment. But in the nine months since that motion was filed, Plaintiff's counsel never saw fit to renew the motion, despite bombarding the Court with many other motions. Doing so may have saved a lot of time and effort, for the parties and the Court.

In any event, the Court has since entered an amended order of judgment reflecting the total award in this case (Doc. # 348). This should allow Plaintiff to pursue collection remedies against Defendant at the situs of his assets. As a result, the Court finds it unnecessary at this time to grant Plaintiff the relief requested in his other pending motions. **The Court will also preclude the parties from filing any additional motions without leave of Court to do so.**

### CONCLUSION

For the reasons above, IT IS ORDERED that the motions for disbursement of funds (Doc. # 322), for a writ of execution (Doc. # 336), to void fraudulent transfers (Doc. # 339), for order to show cause (Doc. # 344), for attorney fees (Doc. # 345), and for costs (Doc. # 346) are DENIED. The Court shall also QUASH the writ of garnishment to Coinbase, Inc.

**IT IS FURTHER ORDERED that the parties shall not file any additional motions without leave of Court to do so.** If a party believes it is necessary to file an additional motion, that party must file a letter addressed to the Court, of no more than one page, outlining the

dispute and the attempts to resolve it. The opposing party may file a response to the letter, of no more than one page.

      IT IS SO ORDERED.

                                s/Sean F. Cox
                                Sean F. Cox
                                United States District Judge

Dated: August 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2018, by electronic and/or ordinary mail.

                                s/Jennifer McCoy
                                Case Manager